Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN, ESQ., LTD.
6900 Westcliff Drive, Suite 602
Las Vegas, Nevada  89145
Telephone: (702) 474-4220
Facsimile:  (702) 474-4228
E-mail: jeffrey@jeffreycogan.com
Attorney for Unsecured Creditors Helen Scharf,
Karen Bright and Randall Scharf

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ARNALDO FRANCESCO TRABUCCO,<br><br>Debtor. | Case No.:  BK-S-12-22475-MKN<br>Chapter  7<br><br>**REPLY TO OPPOSITION TO MOTION FOR DETERMINATION OF THE AUTOMATIC STAY'S EFFECT ON THE DOCTRINE OF *RES JUDICATA* OF A STATE COURT DISMISSAL**<br><br>Date of Hearing:  November 5, 2014<br>Time of Hearing:  2:30 p.m. |

COME NOW Unsecured Creditors , Helen Scharf, Karen Bright and Randall Scharf and hereby reply to the Opposition for Determination of the Automatic Stay's Effect on the Doctrine of *Res Judicata* of a  State Court Dismissal.  This Reply is made and based upon the following Points and Authorities and the argument of counsel on the matter.

DATED this 3rd day of November, 2014.

                                              JEFFREY A. COGAN, ESQ., LTD.

                                              By  /s/ Jeffrey A. Cogan
                                                  Jeffrey A. Cogan, Esq.
                                                  Nevada Bar No. 4569
                                                  6900 Westcliff Drive, Suite 602
                                                  Las Vegas, Nevada 89145
                                                  Unsecured Creditors Helen Scharf,
                                                  Karen Bright and Randall Scharf

# REPLY

**1. The Opposition is untimely and should be stricken.**

Local Rule 9014(d) requires that Oppositions be filed and served at least fourteen (14) days prior to the hearing. The hearing date is November 5, 2014 and the Opposition was filed on November 2, 2014, a mere three (3) days prior to the hearing. There was no excused proffered by Debtor's counsel for the late filing and as such, it should be dismissed.

**2. The filing of the Complaint did not violate Section 524(a)(2).**

Debtor's counsel maintains that the filing of a September 23, 2014 suit against Dr. Trabucco violates the discharge of 11 U.S.C. § 524(a)(2). The Complaint filed in the District of Arizona for medical malpractice only seeks the proceeds of Dr. Trabucco's insurance for errors and omissions. Debtor's counsel attached the Stipulation and Order entered in the adversary proceeding as Exhibit "B" which states, "Nothing herein shall prevent Plaintiffs from . . . initiating a new negligence action against Dr. Trabucco in an Arizona (State or Federal Court)." *See* Opposition to Motion for Determination of Effect on the Doctrine of *Res Judicata* of a State Court Dismissal [sic] of Automatic Stay, page 19, lines 12-16. *See* also Case No. 13-01085-mkn [Dkt. 32] page 2 of 3.

The question, to be decided another day, as the Local Rules do not allow Countermotions is whether there was a violation of 11 U.S.C. § 524(a)(2). So as to not waive any arguments, 11 U.S.C. § 524(a)(2) uses the word "stay" three (3) times. All three references are to Section 524(h)(2) speaking of an additional injunction relating to confirmation of Chapter 11 plans of reorganization, where trusts have confirmed a plan prior to the enactment of the Act. Whereas, 11 U.S.C. § 362 uses the word "stay" forty-one (41) times. The words used in the Stipulation and Order speak of "stay relief", which the Scharfs' counsel understood to mean the "automatic stay" of Section 362 since "stay" is used there and not in the discharge provision except as stated *supra*. Therefore, Scharfs' counsel understood that portion of the Stipulation and Order only

related to the automatic stay. On July 16, 2014, Dr. Trabucco's Discharge of Debtor was entered. *See* Dkt. #70.  The Automatic Stay expires at the earliest of the closing of the case, the dismissal of the case or in a Chapter 7 case, the time that the discharge is granted.  *See* 11 U.S.C. § 362(c)(2).  Therefore, the filing of the Complaint on September 23, 2014, seeking Dr. Trabucco's insurance for payment does not violate the Bankruptcy Code or the Order of Dismissal of Adversary Action.

**3.      This Honorable Court has exclusive jurisdiction on the effect of the automatic stay.**

While both Debtor and movant's counsel believe that *In re Gruntz* addresses the issue, Debtor's counsel is wrong in his argument stating that the United States District Court for the District of Arizona has jurisdiction to determine this Motion.  *In re Gruntz* stated:

> The only grant of jurisdiction to do so involves the exercise of federal bankruptcy power. Indeed, the purpose of this section [28 U.S.C. S 157(b)(2)(G)] is not to create jurisdiction in non-bankruptcy courts, but to allow district courts in which the bankruptcy case is filed to adjudicate bankruptcy-related actions in which jurisdiction has been vested in other courts. *See* 1 Collier on Bankruptcy P 3.01[4], at 3-14, 3-15 (15th ed. 1999).

*Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1083 (9th Cir., 2000).  Thus, Debtor's argument that the federal courts have jurisdiction is only half of the analysis, the other half is that a District Court that could also hear this Motion is that of the District of Nevada, the District where the case was filed.  Thus, the United States District Court for the District of Arizona does not have the legal ability to grant or deny this motion.

### Conclusion

The Opposition is untimely and should be stricken.  Additionally, the Motion does not seek a confirmation that the September 23, 2014 filing in the District of Arizona was proper under the Bankruptcy Code but rather, that a March 11, 2013 suit against Dr. Trabucco by the Scharfs is to be given any effect when unbeknownst to the Scharfs, Dr. Trabucco had filed for

Bankruptcy. That is the sole issue pending by the Motion and the other issues raised by Debtor's counsel, if to be heard, must be done by separate motion.

DATED this 3rd day of November, 2014.

JEFFREY A. COGAN, ESQ., LTD.

By  /s/ Jeffrey A. Cogan, Esq.
Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
6900 Westcliff Drive, Suite 602
Las Vegas, Nevada 89145
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
E-mail: jeffrey@jeffreycogan.com
Attorney for Helen Scharf,
Karen Bright and Randall Scharf

## CERTIFICATE OF SERVICE

1. On September 30, 2014, I served the following document(s): **REPLY TO OPPOSITION TO MOTION FOR DETERMINATION OF THE AUTOMATIC STAY'S EFFECT ON THE DOCTRINE OF *RES JUDICATA* OF A STATE COURT DISMISSAL**

2. I served the above-named document(s) by the following means to the persons as listed below: *(Check all that apply)*

☒ **a. ECF System** (*you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary*)

ROBERT M. CHARLES, JR. on behalf of Creditor VALLEY VIEW MEDICAL CENTER rcharles@lrlaw.com, BankruptcyNotices@LRLaw.com

RICHARD L. DOXEY on behalf of Defendant INSTITUTE OF UROLOGY, LLC rdoxey@hutchlegal.com, fghadiri@hutchlegal.com

RICHARD L. DOXEY on behalf of Defendant ARNALDO FRANCESCO TRABUCCO rdoxey@hutchlegal.com, fghadiri@hutchlegal.com

KATHRYN I. HOLBERT on behalf of Plaintiff AMERICAN EXPRESS BANK FSB kholbert@farmercase.com, Kathryn.holbert@gmail.com

H STAN JOHNSON on behalf of Defendant ARNALDO FRANCESCO TRABUCCO sjohnson@cohenjohnson.com, calendar@cohenjohnson.com;dbruggenwirth@cohenjohnson.com;bam@cohenjohnson.com;akrieger@cohenjohnson.com

ZACHARIAH LARSON on behalf of Defendant ARNALDO FRANCESCO TRABUCCO carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com;trish@lzlawnv.com

MARK W PATTERSON on behalf of Debtor ARNALDO FRANCESCO TRABUCCO mpatterson@pattersonassociateslaw.com

DAVID A ROSENBERG darosenberg@7trustee.net, nv23@ecfcbis.com

MARK G SIMONS on behalf of Creditor SPARKS MEDICAL PROPERTIES, LLC msimons@rbslattys.com, jalhasan@rbslattys.com

U.S. TRUSTEE - LV - 7 USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Defendant ARNALDO FRANCESCO TRABUCCO mzirzow@lzlawnv.com, susan@lzlawnv.com;carey@lzlawnv.com;mary@lzlawnv.com;trish@lzlawnv.com

☒    **b. United States mail, postage fully prepaid** *(List persons and addresses. Attach additional paper if necessary)*

Scott Holden, Esq.
Holden & Armer, P.C.
6101 S. Rural Road, Suite 112
Tempe, Arizona 85283

☐    **c. Personal Service** *(List persons and addresses. Attach additional paper if necessary)*    I personally delivered the document(s) to the persons at these addresses:

☐   For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐   For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    **d. By direct email (as opposed to through the ECF System)**
     *(List persons and email addresses. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    **e. By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary)*

1 | Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.   No error was reported by the fax machine that I used.   A copy of the record of the fax transmission is attached.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: November 3, 2014

<u>Jeffrey A. Cogan</u>               <u>/s/ Jeffrey A. Cogan, Esq.</u>
(Name of Declarant)                   (Signature of Declarant)