Arnaldo Trabucco, M.D., F.A.C.S.
Via Fratelli Meliga, 1/C,
Chivasso (TO) 10034, Italy
paxmedicus@gmail.com

RECEIVED
AND FILED
DEC 2 2014
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

November 17, 2014

Judge Thad J. Collins
U.S. Bankruptcy Court
District of Nevada
Foley Federal Building
300 Las Vegas Blvd. South
Las Vegas, NV 89101

Subject: BK-S12-22475-MKN
          Incomplete by all attorneys

Dear Judge Collins:

I am writing to you due to the fact that my bankruptcy case # BK-S12-22475-MKN Chapter 7 (most likely the most bizarre and expensive bankruptcy case you have encountered) was concluded on May 5, 2014 and the settlement agreement is sealed but never completed by attorneys (Jeffrey Cogan, Matthew Zirzow and Zach Larson). However, the settlement agreement between Richard Cardone and me was never completed by the bilateral agreement which was to be signed by Richard Cardone via Mr. Cogan as his council. Only a unilateral agreement created by Mr. Cogan was signed with the notations that a final bilateral agreement was to be rewritten or amended to the one that was presented to you.

The supposed bilateral settlement agreement that was agreed upon at the time of the adversary proceedings has been intentionally obstructed by Mr. Cogan. I signed (unwillingly, forced by my attorney's Larson and Zirzow) the agreement in May 5, 2014 with sincere understanding to have a bilateral agreement that was supposed to be presented to you as the judge formulated by my attorneys Mr. Zirzow and Mr. Larson along with the cooperation of Mr. Cogan in order to protect both parties.

I had a busy private practice in Arizona and was Chairman of Surgery but with direct harassment and illegal activities performed by Jeffrey Cogan and his paralegal and medical expert (the wife one of his clients in my bankruptcy case who lived and worked in Arizona with no paralegal experience and only a surgeon in the same specialty is qualified as a medical expert) that resulted in direct patient safety issues which obstructed my practice in Fort Mojave, Arizona necessitating me to close my practice. You will see the agreement that was signed only protects the Cardone's and forced me to drop the lawsuit I filed against them in Arizona and had a very strong case of the felonies committed. However, Mr. Cogan took full responsibility of his so called paralegal's actions. Therefore he must defend these illegal actions in the lawsuit against him.

Due to the severe financial and psychological duress that I sustained from this obscure bankruptcy I moved to Italy permanently in December 2013 (I am an Italian citizen). I could no longer even afford to pay for my own health care in the U.S. and the constant false malpractice claims initiated by Mr. Cogan made it impossible for me to practice medicine in the U.S. as it was a full-time job with the bankruptcy and false malpractice claims.

I flew from Italy to Las Vegas, Nevada specifically to bring this trial to an end in person in early May 2014 which my attorneys Larson & Zirzow insisted I must do regardless of my medical condition and the excessive cost. However, when I arrived in Las Vegas my attorneys told me not to show up in court for some obscure reason. I also sustained further injury while on the trip to the United States and then required cervical spinal reconstructive surgery which has left me disabled and unable to work. I have not worked since August 2013 due to the bankruptcy proceedings and the obstruction of my trade by Mr. Cogan which culminated in my physical disability.

Mr. Cogan was also very well aware that I became a permanent resident of Italy as of December 2013. As you know he recently filed for a Res judicata because the Scharf case he represented and filed against me in my bankruptcy was dismissed with prejudice against him. He filed this against Trial Rule 11 with absolutely no evidence and he even admitted he made the false murder claims because of bankruptcy laws and that he wanted it to remain in the bankruptcy court and then he could try again in an Arizona court. After Mr. Cogan drug this claim out for about a year, my malpractice attorney filed for a summary judgment. Mr. Cogan never provided one shred of evidence and even admitted he used his paralegal for all of the medical knowledge as a medical expert. My malpractice attorney had two legitimate medical experts who proved I provided excellent medical care and there was no basis for a claim. The case was dismissed with prejudice against him and was obviously filed strictly for malicious intent, abuse of process and to further put me in more debt financially. He then filed in Federal Court in Arizona on September 23, 2014 which is double jeopardy. I of course had to again borrow more money to pay my attorneys to appear in Nevada Court and my Arizona attorney will now have to file for dismissal of his falsely filed lawsuit. I was told by my attorneys that you stated sanctions should be requested from Mr. Cogan. I agree and I applaud you for acknowledging this severe abuse of process. Mr. Cogan had the audacity to lie again in this new lawsuit he filed, claiming my last known address was in Arizona with the intent to merely put an ad in a newspaper so that I would default. My attorney Scott Holden was ahead of Mr. Cogan's game and was looking for the lawsuit prior to the two year statute of limitations expiration. He has since being in your court presented the case to Mr. Holden to accept service on my behalf.

The fact remains that my bankruptcy case was dismissed without my attorneys Larson and Zirzow protecting my portion of the agreement and the obstruction by Mr. Cogan to have the final agreement signed, which is still not completed after firing Larson and Zirzow just recently due to unethical activity. Larson and Zirzow also refused to take any further action to defend me or from Mr. Cogan reopening my bankruptcy case. Yet I saw the notification for them to withdraw as my council as of December 1, 2014 despite the fact they have refused to complete the agreement or any other actions within the bankruptcy since May 2014.

I've been placed through an amazing amount of financial and emotional turmoil and throughout this entire case, my ability to work as a physician was impossible due to the continuous obstruction of my trade by Mr. Cogan and his team. Now along with the physical incapacitating issues I am currently disabled not able to use my right arm from the paralysis caused in the cervical disk. Along with Mr. Cogan continuing his false frivolous lawsuits knowing that this will affect my medical license, ability to obtain hospital privileges as he has quite a conflict of interest with the fact that he not only represented Richard Cardone but my ex-wife and two clients (one of which is on record as Cogan telling Pamela Houle in the first meeting of creditors that she needs to sue me although she had no intention of doing so and to see him outside afterwards and she then became his client) for malpractice (both cases were dismissed with absolutely no merit with prejudice). However, he is continuing with his false lawsuits and double jeopardy now in Arizona relentlessly.

Due to the fact that my attorneys Zirzow and Larson forced me to sign the agreement with the intent that this would be rewritten as a bilateral agreement to protect both sides on May 5, 2014, they promised me they would complete it by the end of that day. This was never done by my attorneys for reasons of

negligence and unprofessional conduct. Please see attachment of letter and emails written to Larson and Zirzow. A PDF file is included on the disk enclosed to show proof of the first attempt by my lawyers to formulate the settlement agreement (see date 8/22/14 at 8:40AM under properties) after numerous requests made on my part demanding to see the agreement, never signed. In order to protect myself once I learned that they were not doing the job for which they were paid for I had to retain Mark Patterson (my initial bankruptcy attorney) to complete this job. Since that period of time which is been many months Mr. Cogan has continued to obstruct the signature of the settlement agreement for protection on my part.

I want you to be made aware of the innumerable issues that are involved behind this case as it is dismissed with the unethical activity from opposing counsel Mr. Cogan and the unethical activity that was imposed by my attorneys with unscrupulous extortion on the measures that were done by my attorneys as well. When I presented these issues to other attorneys they have indicated to me that they have never seen such unethical activity and malpractice in their life.

I implore you to address these issues with Jeffrey Cogan to finalize this bilateral agreement once and for all so that I may move on with my life and have the protection that I signed for in Federal court for the settlement under your jurisdiction. I would like you to also be aware of how Jeffrey Cogan has used your court as his own personal playground to continuously and successfully destroy my ability to practice medicine in the USA as was originally intended by my ex-wife Pamela Trabucco her attorney in Indiana, Rebecca Eimerman obtained Mr. Cogan. I am including a copy of the lawsuit that is been filed in Arizona against Jeffrey Cogan. As you can see the macabre issues that occurred in your court room behind your back, all for personal gains.

I hope you can see the plethora of unethical activity that Jeffrey Cogan has performed during this entire bankruptcy proceeding by not only filing malpractice cases as a bankruptcy attorney and manipulating this as a intended murder trial while simultaneously hiring the wife of one of his clients (who was suing me in the adversary proceeding) as a paralegal. In addition the huge conflict of interest in representing four clients against me.

Now that the case that was drawn out for over a year and a half has been over for almost 7 months, I still have not had the settlement agreement consummated and have no protection. My own attorneys made it impossible for me to obtain a "fresh start" that bankruptcy is intended for, not to charge a client who is broke in excess of $360,000 which I had to borrow and can't borrow any more to pay the additional money they over charged. I feel that you need to have this information so that you as a judge are able to make a fair decision. Please see fit to either declare that the previously signed and incomplete settlement agreement is null and void due to lack of bilateral agreement or force Mr. Cogan to have his client sign the bilateral agreement that Mark Patterson has.

I write this letter simply to ask and implore you to have this bilateral settlement agreement finalized with protection on my part or that the initial agreement is considered null and void since all attorneys have refused to complete it as agreed.

I thank you for your attention towards this matter. Should you have the desire to contact me for further information or clarification, feel free to email me or I have a Vonage number that would be a local call for you 702-952-9928.

Sincerely,

Arnaldo Trabucco, MD, FACS

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810       Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Jack D. Wilenchik, #029353
Brian J. Hembd #029817
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| **ARNALDO TRABUCCO,** | **CASE NO. B8015-CV-2014-04030** |
| **Plaintiff,** | |
| **v.** | **FIRST AMENDED COMPLAINT** |
| **JEFFREY COGAN and JANE DOE COGAN, a married couple; HELEN SCHARF, surviving spouse and personal representative of estate of Gerald Scharf, deceased, KAREN BRIGHT and DOE BRIGHT and RANDALL SCHARF and DOE SCHARF, adult children and their spouces of Gerald Scharf, deceased,** | **(Abuse of Process and Malicious Prosecution)**<br><br>**(Jury Trial Requested)** |
| **Defendants.** | |

COMES NOW the Plaintiff, by and through undersigned counsel, and for his First Amended Complaint against Defendants hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.       Plaintiff Dr. Arnaldo Trabucco (hereinafter "Plaintiff" or "Dr. Trabucco") worked

1    in Mohave County, Arizona at all times relevant hereto.

2.    Defendants Jeffrey Cogan and Jane Doe Cogan's (hereinafter collectively "Cogan") actions were at least partially in Mohave County, Arizona.  Upon information and belief, all actions taken by Cogan were done on behalf of the marital community.

3.    Defendant Helen Scharf, Karen Bright and Doe Bright, and Randall Scharf and Doe Scharf's (hereinafter collectively the "Scharfs") actions were taken at least partially in Mohave County, Arizona.  The underlying events of the complaint they filed in Bankruptcy Court occurred in Mohave County, Arizona.

4.    Venue and jurisdiction are proper in this Court because the actions taken between the parties giving rise to this action and the conduct complained of occurred principally in Mohave County, Arizona.

**GENERAL ALLEGATIONS – AGAINST ALL DEFENDANTS**

5.    Plaintiff incorporates the preceding allegations as if set forth herein.

6.    The Scharfs first filed a Complaint against Dr. Trabucco on March 11, 2013 in Mohave County ("March 11, 2013 Case"). They amended this complaint on April 22, 2013.

7.    Dr. Trabucco filed for bankruptcy on November 6, 2012, so the Scharfs' Complaint in the March 11, 2013 Case was in violation of the automatic stay.

8.    Helen Scharf retained Jeffrey Cogan and filed an adversarial action for malpractice against Dr. Trabucco in his bankruptcy on May 6, 2013.

9.    On July 16, 2013 Cogan and the Scharfs amended the Scharfs' Complaint to Determine the Non-dischargability of Debts in Dr. Trabucco's bankruptcy. The new amendments removed the common law negligence claim and asserted that Dr. Trabucco intentionally and maliciously caused the death of Mr. Scharf. The allegations in the First Amended Complaint included the following: 1. Dr. Trabucco did not have sufficient experience

2

and expertise regarding laparoscopic nephrectomy, specifically that he did not have privileges to perform laparoscopic nephrectomy; 2. Dr. Trabucco specifically knew this; 3. Dr. Trabucco specifically misled Mrs. Scharf regarding his experience and expertise regarding laparoscopic nephrectomy; 4. Dr. Trabucco did so with the specific intent of misleading Mr. and Mrs. Scharf; 5. An intraoperative complication/injury occurred due to an error by Dr. Trabucco; 6. Dr. Trabucco specifically knew that this occurred (and yet continued the operation anyway, without dealing with the intraoperative complication /injury); 7. Following the surgery Dr. Trabucco specifically hid the fact that an intraoperative complication/injury occurred and he specifically knew that Mr. Scharf was seriously injured and would probably die and yet he did nothing; and 8. Dr. Trabucco interfered with and delayed the transfer of Mr. Scharf, again with the specific intention of hiding the intraoperative complication/injury or other malicious intent.

10.    The Amended Complaint also stated that Dr. Trabucco "committed willful and malicious actions upon Mr. Scharf, eventually resulting in Mr. Scharf's death;" and his actions constituted "extreme and outrageous behavior."

11.    No evidence to support these claims has been presented, despite numerous demands, and none exists. In fact, as to claims 1-4 in paragraph 9 above, Cogan was provided with specific evidence showing that Dr. Trabucco did have privileges to perform laparoscopic nephrectomy. As to claims 5-8, all evidence shows that these claims were completely baseless.

12.    On or around September 27, 2013, Dr. Trabucco's attorney in the Scharf matter, Scott Holden ("Holden"), demanded evidence to support the Scharfs and Cogan's claims that Dr. Trabucco intentionally and maliciously caused the death of Mr. Scharf. This demand for evidence was made repeatedly in subsequent letters, emails, phone conversations, and through the discovery process. No information has ever been provided to support the claims and none exists. During this discussion on September 27, 2013 Cogan claimed that he would soon sit

3

down and really look over the Scharf case.

13.     On September 30, 2013 Holden sent a letter to Cogan reiterating the need for evidence for the claims Cogan made in the Scharf matter.

14.     On October 1, 2013 Holden sent another letter to Cogan demanding evidence of the allegations Cogan made in the Scharf matter. Holden included interrogatories specifically addressing the lack of evidence in the case.

15.     Helen Scharf was deposed on November 20, 2013 in connection with her claims. She admitted to not knowing the medical basis for her claims and that she would be relying on experts for that basis. She did not know who those experts were and claimed to be relying on her attorney.

16.     On January 13, 2014 Holden sent an email to Cogan again demanding that the interrogatories be answered and that Cogan provide an evidentiary basis for his claims. Cogan responded on January 14, 2014 that a normal laproscopic nephrectomy should only take a few hours and that the procedure had taken 8 or 9 hours. Cogan also vaguely referenced an expert opinion on the standard of care, which again only implies negligence, not an intentional tort. Holden again questioned the lack of evidentiary basis for Cogan's claims. Cogan responded on January 16, 2014, "While it is unfair to Dr. Trabucco to make these allegations, these are the only allegations that I can make, ie. intentional tort and they would survive a Rule 11 claim in that a surgery that was anticipated to be two hours went to 6:00 p.m., that he had the consent to open the field and did not..."

17.     The emails continued and on January 17, 2014 Cogan wrote the following, "Unsure if we are filing or continuing in Mohave County. Weighing the pros and cons of Fed. vs. State Court. So, we might be in Prescott or Flagstaff. My biggest concern is that Dr. Trabucco is back in Italy. Weighing those issues: my best argument/case to force him to

4

Nevada or Mohave is in the Bankruptcy Court vs. going to Italy or doing the deposition by video. I believe that I can force him to come here in the Bankruptcy Court but because I am going to depose him in the Cardone v. Trabucco defamation bankruptcy case, if I force here in that case, deposing him here in a negligence case causes him diminimus expenses to be deposed in the Scharf case." Cogan is essentially stating that he would persist with the intentional and malicious claims brought in the bankruptcy action merely to have a better chance at deposing Dr. Trabucco in the United States.

18.    Holden had retained an expert who had found that no negligence, and certainly no intentional or malicious conduct, had occurred.

19.    The intentional and malicious claims made in the Scharfs' Amended Complaint took the complaint outside of the coverage of Dr. Trabucco's malpractice coverage. Cogan was informed of this. This is further evidence that Cogan filed these claims with an improper purpose.

20.    On or around January 23, 2014 a hearing was held regarding the Scharf matter. At the hearing Cogan announced that he wished to dismiss the Scharfs' case and proposed a stipulation that neither side would seek fees or costs. Holden then reiterated that Rule 11 violations would be sought for Cogan bringing the unfounded case. Cogan then stated that he would need to speak with his client as to whether she would dismiss with the understanding that Holden is reserving his right to file for Rule 11.

21.    This adversary complaint against Dr. Trabucco had no evidentiary basis.

22.    On February 11, 2014 the parties stipulated to dismiss the claim in bankruptcy court. The dismissal was with prejudice in its entirety. The dismissal was final and binding as to the allegations of malicious and intentional conduct, which Cogan and the Scharfs agreed could not be reasserted. Cogan and the Scharfs reserved the right to reassert a negligence action, but

according to the bankruptcy court's dismissal order, "Before any such litigation can go forward it will first be necessary to obtain stay relief from this Court via an additional stipulation."

23.     Stay relief was never obtained from the bankruptcy court and on July 16, 2014 the bankruptcy court discharged Dr. Trabucco.

24.     The March 11, 2013 Case had never been adjudicated during the time the Defendants were pursuing the action in bankruptcy court. On April 10, 2014 Plaintiff filed a motion to dismiss the case for failure to prosecute. Defendants did not respond and the March 11, 2013 Case was dismissed with prejudice.

25.     The adversary action in the bankruptcy court and the March 11, 2013 case, which both allege malpractice against Dr. Trabucco, have both been dismissed with prejudice.

26.     Despite this, on or around September 23, 2014 the Scharfs counterclaimed in this matter and filed a separate complaint in the United States District Court, District of Arizona. Both the counterclaim and the federal complaint allege similar allegations as their initial March 11, 2013 complaint filed in this court.

## GENERAL ALLEGATIONS – AGAINST COGAN

27.     Plaintiff incorporates the proceeding allegations as if set forth herein.

28.     Upon information and belief, Cogan represented six clients against Dr. Trabucco in his bankruptcy: Dr. Richard Cardone, Dr. Trabucco's ex-wife Pamela Trabucco, the three Scharfs, and Pamela Houle.

29.     In the last 29 years of private practice Dr. Trabucco had not had a judgment of malpractice or settlement against him ever, yet both the Scharfs and Ms. Houle made malpractice claims against him within a short period of time.

30.     On or around July, 2013 Cogan hired Joanne Cardone, the wife of Richard Cardone who Cogan represented against Dr. Trabucco in his bankruptcy, as a paralegal.

31.     Upon information and belief Joanne Cardone had no experience whatsoever as a paralegal and in fact was a nurse.

32.     On or around July 25, 2013, Joanne Cardone sent packets of documents to Dr. Trabucco's referral sources, such as Dr. Theodore London. The packets contained unredacted police reports from the Fort Mohave Indian Tribal Police related to an incident whereby Joanne had contacted the police to search Dr. Trabucco's property for a firearm. They also included a writ of body attachment issued by the Bartholomew Circuit Court, which was part of a sealed court case involving Dr. Trabucco's post-divorce dispute with Pamela Trabucco.

33.     The police reports included the report written by the officer who executed the warrant, pictures of the execution of the warrant and the evidence, the search warrant itself, and a probable cause statement in support of the warrant ("Police Reports"). The Police Reports contained non-public documents. Their distribution was a direct attempt to deter Dr. London and other doctors from referring future patients to Dr. Trabucco. Dr. London's referrals subsequently decreased.

34.     Upon information and belief, Joanne Cardone also sent this defamatory information to various state licensing boards, including the Nevada Board and the Arizona Board, state and federal regulated facilities, and other business associates.

35.     On or around September 23, 2013, Joanne Cardone gave the Police Reports to the Nevada State Board of Medical Examiners. Joanne Cardone was attempting to have the Board discipline Dr. Trabucco for not reporting the incident. Dr. Trabucco was not required to report the incident.

36.     On October 8, 2013 Joanne wrote a letter to Dr. Trabucco's parents. She claimed that Dr. Trabucco was asserting fictitious creditors in his bankruptcy. She stated that even if the bankruptcy is thrown out, perjury charges will be pursued.

7

37.    On October 30, 2013, Joanne wrote a letter to Judge James Woron of Batholomew County. Dr. Trabucco was trying to have a misdemeanor expunged from his record with this Judge. Joanne included the Police Reports and a writ of body attachment issued against Dr. Trabucco in his post-divorce proceedings. Joanne alleged that Dr. Trabucco had not followed the court's orders in surrendering his passport. In fact, on May 2, 2012, the court had ruled that Dr. Trabucco did not have to surrender his passport and that their previous order was inappropriate. This October 30, 2013 letter delayed Dr. Trabucco's ability to have his records expunged and cost him additional attorneys' fees to do so.

38.    On December 28, 2013 Joanne wrote a similar letter to Judge John Webster of the Jennings Circuit Court. She claimed that Dr. Trabucco was disregarding the Judge's order and should not be spending money asserting his rights in that court because of Dr. Trabucco's bankruptcy.

39.    Upon information and belief, the above acts by Joanne Cardone were done while performing as Cogan's paralegal. The actions involve legal matters and were done while Joanne Cardone was employed as Cogan's paralegal and involve legal documents from other cases which Cogan represented a party in against Dr. Trabucco.

40.    On October 28, 2013 Joanne Cardone appeared as a paralegal in the deposition of Dr. Trabucco's for Pamela Trabucco's claims against him in his bankruptcy. During the deposition, Cogan claimed that she was his paralegal.

41.    On November 13, 2013 Joanne Cardone again appeared as a paralegal in a deposition in Dr. Trabucco's bankruptcy. During that deposition, Cogan took responsibility for Joanne Cardone's actions as his paralegal. He stated that if she violated anything it was on him.

## COUNT I
## MALICIOUS PROSECUTION – ALL DEFENDANTS

42.    Plaintiff incorporates the preceding allegations as if set forth herein.

8

43.     The Scharfs initiated a complaint on March 11, 2013 alleging that Dr. Trabucco committed malpractice. They did not pursue that complaint and it was dismissed with prejudice, terminating in Dr. Trabucco's favor. They subsequently filed a counterclaim in this suit and a complaint in federal court on September 23, 2014 alleging the same allegation of malpractice that was dismissed with prejudice.

44.     Cogan and the Scharfs initiated an adversarial action in Dr. Trabucco's bankruptcy action whereby they made various unfounded allegations as described supra. This adversary action terminated in Dr. Trabucco's favor when Cogan and Scharf stipulated to dismiss their claims with prejudice as to any allegation of malicious or intentional conduct on February 11, 2014.

45.     Cogan and the Scharfs acted without probable cause and with no evidentiary basis.

46.     Cogan and the Scharfs acted with malice.

47.     Cogan and the Scharfs' malicious conduct caused injury, damage, loss, or harm to Dr. Trabucco. Asserting what amounts to murder against Dr. Trabucco harmed his image in his profession and among the community. The allegations damaged his reputation.

## COUNT II
## ABUSE OF PROCESS – ALL DEFENDANTS

48.     Plaintiff incorporates the preceding allegations as if set forth herein.

49.     Cogan and the Scharfs abused a judicial process in amending their adversarial action in Dr. Trabucco's bankruptcy proceeding.

50.     Cogan and the Scharfs willfully misused the bankruptcy process in amending their adversarial action, adding claims of intention and malice with no evidence to support those claims.

9

51.     Cogan and Scharfs' amendment was meant to damage Dr. Trabucco's reputation and to attempt to make their claims against him non-dischargeable, rather than for the proper purpose of asserting claims supported by evidence.

52.     Cogan and the Scharfs used the amendment process for an improper purpose or ulterior motive.

53.     Cogan and the Scharfs' use of the process caused injury, damage, loss, or harm to Dr. Trabucco. Asserting what amounts to murder against Dr. Trabucco harmed his image in his profession and among the community. The allegations damaged his reputation.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS

54.     Plaintiff incorporates the preceding allegations as if set forth herein.

55.     Defendants' conduct as described above was extreme and outrageous.

56.     Defendants' conduct was either intentional or reckless.

57.     Defendants' conduct caused Dr. Trabucco to suffer severe emotional distress.

## COUNT III
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION – COGAN DEFENDANTS

58.     Plaintiff incorporates the preceding allegations as if set forth herein.

59.     Cogan had a duty to hire, supervise, and retain competent employees including paralegals.

60.     Cogan breached that duty.

61.     As outlined above, Joanne Cardone committed the torts of Tortious Interference With Contract And Business Expectancies, Defamation, Defamation Per Se, and Intentional Infliction of Emotional Distress while under Cogan's employment as a paralegal.

62.     As a proximate and but for cause of Cogan's breach of his duty, Dr. Trabucco was

damaged.

## GENERAL PRAYER FOR RELIEF

1.      Plaintiff incorporates the preceding allegations as if set forth herein.

2.      In addition to the relief sought in the individual counts of the Complaint, Plaintiff demands as follows:

3.      Defendants' actions were done intentionally, maliciously, in bad faith and for personal gain, with an evil mind sufficient to support punitive damages.

4.      For an award of attorneys' fees and costs pursuant to A.R.S. § 12-341.01, § 12-341, and any other applicable statute.

5.      For trial of this matter to a Jury.

6.      For such other relief as this court deems just and proper.

**RESPECTFULLY SUBMITTED** this 6th day of November, 2014.


_____
Dennis I. Wilenchik, Esq.
Jack D. Wilenchik, Esq.
Brian J. Hembd, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiff*


**ORIGINAL** filed this 6th day of November, 2014, with
Clerk of the Mohave County Superior Court
401 E. Spring Street
Kingman, Arizona 86402

**COPY** of the foregoing mailed November 6, 2014 to:

Jeffrey A. Cogan, Esquire

11

1  6900 Westcliff Drive, Suite 602
   Las Vegas, Nevada 89145
2  Jeffrey@jeffreycogan.com
3  *Attorney for Defendants*

4  _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Pax Medicus <paxmedicus@gmail.com>

## paypal
3 messages

**A T** <paxmedicus@gmail.com>                                                    Sat, Jun 14, 2014 at 3:21 PM
To: Matt Zirzow <matt@lzlawnv.com>, Zach Larson <Zach@lzlawnv.com>

**Arnaldo, you just completed your payment.**

Your receipt number for this payment is: 0988-1263-8878-6831.

We'll send a confirmation email to paxmedicus@gmail.com. This transaction will appear on your statement
as PayPal *LARSONZIRZO

                                                                          Jun 14, 2014 06:19:23 PDT
                                                                          Receipt No:0988-1263-8878-6831

**You sent a payment of $25,000.00 USD to Larson & Zirzow,
LLC.**

Hello Arnaldo Trabucco,

This charge will appear on your credit card statement as payment to PAYPAL *LARSONZIRZO.

---

**Merchant information:**                          **Instructions to merchant:**
Larson & Zirzow, LLC                               None provided

http://www.lzlawnv.com

**Shipping information**                            **Shipping method**
Arnaldo Trabucco                                   Not specified
22510 N 71st Lane
GLENDALE, AZ 85310
United States

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| Purchase from Larson & Zirzow, LLC | | | |
| | **Total:** | | $25,000.00 USD |

**Receipt No: 0988-1263-8878-6831**
Please keep this receipt number for future reference. You'll need it if you contact customer service at Larson &
Zirzow, LLC or PayPal.

Yours,
Arnaldo F. Trabucco, MD, FACS, FICS
Diplomat of American Board of Urology
American Urological Association.

CONFIDENTIALITY NOTICE:
This electronic submission and any documents accompanying it, may contain confidential information belonging to the sender. The information is intended only for the use of the individual or entity named as the recipient and is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action based on the contents of this information is unauthorized and strictly prohibited. If you have received this communication in error, please notify the Sender immediately by replying to the message and deleting it from your computer.

---

**Zach Larson** <Zach@lzlawnv.com>                                   Mon, Jun 16, 2014 at 5:46 PM
To: A T <paxmedicus@gmail.com>

Hi Doc: Thanks for the payment. I hope you are doing better. Did you ever get your blood pressure under control? Give me a call sometime and let me know how you are doing. As an update, Cogan still hasn't filed the orders he has supposed to . . not a big deal, we will just file them for him.. . . I repeat, not a big deal, so NO STRESS! :) Get better and talk to you soon, Z.

From: A T [paxmedicus@gmail.com]
Sent: Saturday, June 14, 2014 6:21 AM
To: Matt Zirzow; Zach Larson
Subject: paypal

Arnaldo, you just completed your payment.

Your receipt number for this payment is: 0988-1263-8878-6831.

We'll send a confirmation email to paxmedicus@gmail.com<mailto:paxmedicus@gmail.com>. This transaction will appear on your statement as PayPal *LARSONZIRZO

You sent a payment of $25,000.00 USD to Larson & Zirzow, LLC.
   Jun 14, 2014 06:19:23 PDT
Receipt No:0988-1263-8878-6831
Hello Arnaldo Trabucco,

This charge will appear on your credit card statement as payment to PAYPAL *LARSONZIRZO.
Merchant information:
Larson & Zirzow, LLC

http://www.lzlawnv.com<http://www.lzlawnv.com/>
   Instructions to merchant:
None provided
Shipping information
Arnaldo Trabucco
22510 N 71st Lane
GLENDALE, AZ 85310
United States
   Shipping method
Not specified
Description    Unit price    Qty    Amount
Purchase from Larson & Zirzow, LLC

[Quoted text hidden]

---

**A T** <paxmedicus@gmail.com>                          Mon, Jun 16, 2014 at 8:50 PM
To: Zach Larson <Zach@lzlawnv.com>

can you send me the part of the agreement that indicated the confidentiality clause wit cardone

Yours,
Arnaldo F. Trabucco, MD, FACS, FICS
Diplomat of American Board of Urology
American Urological Association.

CONFIDENTIALITY NOTICE:
This electronic submission and any documents accompanying it, may contain confidential information
belonging to the sender. The information is intended only for the use of the individual or entity named as
the recipient and is privileged, confidential, and protected from disclosure. If you are not the intended
recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action based
on the contents of this information is unauthorized and strictly prohibited. If you have received this
communication in error, please notify the Sender immediately by replying to the message and deleting it
from your computer.

[Quoted text hidden]

I paid Larson & Zirzaw over $300,000. This is just one of many payments showing my payments even after they did not continue their job in representing me.



**Pax Medicus <paxmedicus@gmail.com>**

## agreement
1 message

**A T** <paxmedicus@gmail.com>                                                                Tue, Jul 29, 2014 at 9:27 AM
To: Zach Larson <Zach@lzlawnv.com>

I need that agreement ASAP.
Lack of action on cardones part should be a breach shouldn't it. didn't you make it time specific
Yours,
Arnaldo F. Trabucco, MD, FACS, FICS
Diplomat of American Board of Urology
American Urological Association.

CONFIDENTIALITY NOTICE:
This electronic submission and any documents accompanying it, may contain confidential information
belonging to the sender. The information is intended only for the use of the individual or entity named as
the recipient and is privileged, confidential, and protected from disclosure. If you are not the intended
recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action based
on the contents of this information is unauthorized and strictly prohibited. If you have received this
communication in error, please notify the Sender immediately by replying to the message and deleting it
from your computer.



Pax Medicus <paxmedicus@gmail.com>

## Confidentiality
1 message

**Paxmedicus@gmail.com** <paxmedicus@gmail.com>
To: Larson Zach <Zach@lzlawnv.com>

Zach
Where in the contract is the confidentiality clause so that Cardone contact my relatives or family members?
And also where is it that says cardones cannot discuss this with any other?

Yours,
Arnaldo Trabucco ,MD, FACS, FICS, FACIP
Diplomate American Board Urology
Director of Urology Institute
American Urological Association

This e-mail message and all its attachments are from Arnaldo Trabucco This message and all of its attachments are covered by the Electronic Communications Privacy Act (18 USC 2510 et seq.), are PRIVATE, and may contain information that is CONFIDENTIAL and PRIVILEGED. If you received this message in error, please notify the sender by reply e-mail and delete the message immediately.

To ensure compliance with applicable Internal Revenue Service Regulations, we inform you that any tax advice contained in this electronic message was not intended or written to be used, and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code.

"This message and its attachments are sent by a health care provider and may contain protected health information that is confidential and protected from disclosure by Public Law 104-191: Health Insurance Portability and Accountability Act of 1996. If you are not the intended recipient, you are prohibited from printing, copying, forward, or saving this message and/or its attachments. Please delete the message and its attachments without printing, copying, forwarding or saving them, and notify the sender immediately".



Pax Medicus <paxmedicus@gmail.com>

## unprofessional
1 message

**Pax Medicus** <paxmedicus@gmail.com>                                 Mon, Nov 17, 2014 at 6:53 PM
To: Matt Zirzow <matt@lzlawnv.com>, Zach Larson <Zach@lzlawnv.com>

Dear Mr. Zirzow and Mr. Larson:

As you were my counsel for the past year (although you did nothing for me after May 5, 2014),
you were fully aware and cognizant of the fact that I moved to Italy and am a full-time resident in
Italy (and have been for a year) and have no legal residence in the USA! You were also well
aware that I had multiple medical problems and sustained a physical injury which completely
incapacitated me making any correspondence during that time impossible. In any event, there was
only one email from you during the time I was hospitalized and I was having surgery, not a
multitude of correspondences as you claim. Not one phone call, which you have my phone
number in Italy and not one letter to me in Italy as you are well aware where I reside.

These are false statements you made to the Nevada Court that you sent this to me at my last
known residence in Nevada. You are very well aware, I have not received mail at the P.O. Box in
Nevada for well over a year and my last known address, you are very well aware is the address
you have in Italy.

To this day you failed to complete the bilateral settlement agreement from May 5, 2014 at the
final adversary proceeding in Nevada which you forced me to sign against my will at the last
minute. You promised to make the amendments that day to protect me but you never made any
attempts to do so. You made no attempts to complete such actions to protect me, despite the fact
that I paid you continuously at that time and thereafter the time the hearing was to take place over
$40,000 during May- July. What is most ironic is that I have paid you over $300,000 in my
bankruptcy proceeding, which I had to borrow to do so. I did not receive a "fresh start" from my
bankruptcy, instead I am so far in debt from you as my attorney's charging astronomical fees, and
raising my other lawyer fees with your conversations, that I will never have the ability to start
over in the USA as I can't work to pay off the debt incurred for paying your bills due to my
continued disability which you had full documentation of. I don't even have the money to pay for
my Doctor or hospital bills and have no health care insurance.

I informed you that I was physically disabled, completely unable to work, for the past year, with
no financial resources whatsoever. You had insisted that I come to the Nevada bankruptcy May
5-7, 2014; court yet didn't want me to show my presence. I found this perplexing and
inappropriate. Your discordant actions have put me in greater financial duress as well as physical
and emotional duress which I sustained after that appearance in the United States.

Your filings with the United States court are inappropriate and abandonment, especially during the
time that was most critical at the settlement which you never completed and had no intentions to
complete despite the fact that I made numerous requests and very large payments thereafter which

I had to borrow and put me further in debt. With your bills exceeding far in excess of $360,000 I find to be ludicrous and extortion especially without a trial.

You have on multiple occasions fraudulently misrepresented, which I recently learned from the Nevada Bar, giving me misinformation and at the time of the final hearing you lied to me making fraudulent statements at the last moment to force me to sign the settlement agreement which I was very much against. I have a plethora of evidence on these issues that I have recently come to my attention on these issues. But what is the most distasteful and disgraceful action is the fact that you forced me to sign an agreement, which you promised to revise as a bilateral protection, where I have no protection whatsoever and you forced me to come to the United States when you had no intentions to proceed with the trial as I had asked you to. Furthermore charging me an additional $85,000 plus for your so called preparation of a trial you had no intention of defending me in.

On multiple issues, which are too numerous to account for, your actions are without any question unprofessional conduct and after forensic accounting of your billings I found them to be extremely outrageous. One example is the charge of over $12,000 for making copies!

You have my address and phone number in Italy, if you are planning to file any actions against me I suggest that you file in the appropriate court jurisdiction which would be through the "Italian court system" and not a false allegation in the United States claiming my last known address is Nevada.

If you have any further filings or correspondence send it to my legal permanent Italian Address that you have on file and I will provide that to my International Italian council and you will be contacted from my Italian council in the near future.

Yours,
Arnaldo F. Trabucco, MD, FACS, FICS
Diplomat of American Board of Urology
American Urological Association.

CONFIDENTIALITY NOTICE:
This electronic submission and any documents accompanying it, may contain confidential information belonging to the sender. The information is intended only for the use of the individual or entity named as the recipient and is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action based on the contents of this information is unauthorized and strictly prohibited. If you have received this communication in error, please notify the Sender immediately by replying to the message and deleting it from your computer.